**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Alex Fraga

    v.                                        Case No. 22-cv-338-LM

FCI Berlin, Warden

**Report and Recommendation**

Alex Fraga, who is proceeding pro se, brings a petition under 28 U.S.C. § 2241, challenging a disciplinary decision at FCI Berlin in which he lost 27 days of good time credits. Fraga contends that there is no evidence to support the disciplinary hearing officer's decision that he committed the charged offense, violation of Bureau of Prisons Prohibited Acts Code 231 that prohibits creating a situation which causes an inmate to produce his court documents to another inmate. The warden moves for summary judgment on the ground that sufficient evidence exists to support the disciplinary decision.

Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute is one that would permit a rational factfinder to resolve the issue in favor of either party, and a material fact is one that has the potential to affect the outcome of the suit under the applicable law." Gattineri v. Wynn

MA, LLC, 63 F.4th 71, 84 (1st Cir. 2023). The court draws all reasonable inferences from the facts in favor of the nonmovant. Id. For purposes of a motion for summary judgment, the court relies on the documents in the record, which includes documents submitted with the complaint. Fed. R. Civ. P. 56(c).

## Background

Fraga is an inmate at FCI Berlin. On May 14, 2021, just before noon, Fraga and three other inmates went into the cell of an inmate, Curtis Waters, who had just returned to their unit from the Special Housing Unit. Doc. no. 1-1, Incident Report. For the next twenty minutes, the inmates went in and out of the cell while Waters remained inside. Id. The unit officer noticed suspicious activity around the cell and went to look to be sure there was no assault occurring there. Id. A few minutes later, Waters approached the unit officer and asked for protection because of the criminal charges against him. Id. Waters identified the inmates who came to his cell and caused him to seek protection, including Fraga. Id.

After an investigation that concluded on May 31, 2021, Fraga was charged with violating Code 231: "requesting, demanding, pressuring, or otherwise intentionally creating a situation, which causes an inmate to produce or display his/her own court documents for any unauthorized purpose to another

inmate." Id. The incident report was delivered to Fraga the same day. Id.

A disciplinary hearing before a disciplinary hearing officer ("DHO") was held on the charge on June 10, 2021. Doc. no. 1-2, at 1. Fraga waived his right to a staff representative. He denied the charge and stated: "'I never went in that cell. I went up there. I went in there to talk to Abdi. I never asked for his paperwork. If I don't have mine, how can I ask for his? I don't know why I said hi to the guy and get in trouble.'" Id. (quoting Fraga). The documentary evidence submitted in support of the charge was the inmate investigative report, video footage of the incident at Waters's cell, and still photos from the video footage.

The DHO found that the violation was committed as charged. Doc no. 1-2, at 1. To make that finding, the DHO relied on Fraga's statement, the employee's statement, the inmate investigative report, and video footage of the incident. Id. at 2. The DHO found that the video footage correlated with the reporting employee's description of the incident. Id. The DHO also stated that one of the other inmates involved in the incident, Abdi, admitted to the charge and did not corroborate Fraga's statement that he only went to Waters's cell to talk to Abdi. Id. the DHO imposed sanctions of the loss of 27 days of good time and the loss of privileges.

Fraga appealed the decision. On March 2, 2022, the Administrator of National Inmate Appeals denied the appeal, finding that the DHO's decision was based on the evidence cited in the DHO's report and that the decision was reasonable and supported by the evidence. Doc. no. 1-3.

In support of his objection to summary judgment, Fraga submitted a sworn statement by Andy Joseph, one of the inmates who was identified as being part of the incident in Waters's cell. Doc. no. 8, at 2. Joseph states that he was not with Fraga before or during the incident in Waters's cell and that he acted alone with no accomplices. Id. He also states that he admitted that he acted alone to the DHO. Id.

## Discussion

Fraga asserted in support of his § 2241 petition that there is no evidence to support the DHO's finding that he committed the charged offense. The warden moves for summary judgment on the ground that sufficient evidence supports the DHO's decision. Fraga objects to summary judgment.

The loss of good time credits in prison is protected by due process. Superintendent v. Hill, 472 U.S. 445, 453, (1985). For that reason, a hearing officer's decision that results in loss of good time credits must be supported by "some evidence in the record." Id. at 454. The "some evidence" standard is satisfied even if the record evidence is only "meager" and even whether

4

there is evidence to support a different conclusion. Id. at 457; see also Scroggins v. Warden, FCI Berlin, 21-cv-870-JL, 2023 WL 2435635, at *4 (D.N.H. Feb. 10, 2023).

In his objection, Fraga argues that there is no evidence that he committed the offense because he only walked into Waters's cell and that is not an offense. He asserts that there is no evidence that he pressured anyone or that Waters "pointed the finger saying he pressured him for court documents." Doc. no. 8. Fraga also relies on Joseph's statement to assert that Joseph, acting alone, committed the offense. Doc. no. 8, at 2.

Contrary to Fraga's view of the evidentiary record, there is more than sufficient evidence to support the DHO's decision. Fraga does not deny that the video footage shows that he entered Waters's cell during the incident with Waters and the other inmates, including Joseph. Waters identified Fraga as one of the inmates involved in the incident. Joseph's statement that Fraga was not there and did not participate in pressuring Waters is contrary to the other evidence. Further, although Joseph states that he "admitted" to the DHO that he acted alone during the incident involving Waters, the video footage, Waters's identification, and the investigative report show that Fraga participated in pressuring Waters to disclose court documents.

Because the record includes evidence that Fraga entered Waters's cell and pressured him to disclose court documents in

5

violation of Code 231, there is sufficient evidence to support the DHO's decision. The warden is entitled to summary judgment on Fraga's § 2241 petition.

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 6) and direct the clerk to enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 20, 2023

cc: Alex Fraga, pro se
    Seth R. Aframe, Esq.